UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| **TIFFIN MOTORHOMES, INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Civil Action No.CV-13-S-1569-NW |
| | ) |
| **NATIONAL INTERSTATE,** a corporation, and **G.A. RENTALS, LLC,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM OPINION ORDER

This declaratory judgment action is before the court on defendant's motion for leave to file a First Amended Answer and Counterclaims,[1] and plaintiff's motion to remand the case to state court.[2] Upon consideration, the court concludes that the motion to remand should be granted and, accordingly, the motion for leave to file a First Amended Answer and Counterclaims should be denied as moot.

## I. PROCEDURAL HISTORY

This is the second time this case has been before this court. The case began with a Complaint for Declaratory Judgment filed on December 14, 2012 by plaintiff, Tiffin Motorhomes, Inc. ("Tiffin"), against defendants, National Interstate and G.A.

---

[1] Doc. no. 3.

[2] Doc. no. 9.

Rentals, LLC, in the Circuit Court of Franklin County, Alabama.[3]  The complaint consisted of the following paragraphs:

1. Plaintiff [Tiffin Motorhomes, Inc.] is a domestic corporation with its principal place of business in Franklin County, Alabama.  The motorhome at issue in this case was designed, manufactured and placed into the stream of commerce by Plaintiff in Franklin County, Alabama.

2. Defendant G.A. Rentals ("GA") is, according to Plaintiff's best knowledge and belief, a foreign limited liability company which purchased the motorhome at issue in a used condition from a prior owner.  Defendant National Interstate is, according to Plaintiff's best knowledge and belief, a foreign corporation with its principal headquarters in the state of Ohio, which is the insurer of the motorhome owned by Defendant GA.

3. On or about August 5, 2012, a 2008 Phaeton motorhome manufactured by Plaintiff and owned by GA suffered a total fire loss in the state of Louisiana.

4. Defendant National Interstate, as the insurer of said motorhome for GA, has put Plaintiff on notice that it holds Plaintiff responsible for said fire loss and intends to pursue its contractual subrogation rights against Plaintiff.  Plaintiff denies fault or liability for said fire loss, whether to Defendant National Interstate or to Defendant GA for any loss it has sustained which is not covered by insurance.

5. A real and present justiciable controversy exists between Plaintiff and Defendants as to the cause and origin of the subject fire, and Plaintiff's liability to Defendants for said fire loss.

    Wherefore, Plaintiff prays that the Court will take jurisdiction of this case pursuant to the Alabama Declaratory Judgment Act, Code of

---

[3] *See* Complaint in Civil Action No. 3:13-cv-093-CLS.

Alabama Section 6-6-220, et seq. and will proceed to determine the respective rights and liabilities of the parties to the controversy set forth herein.[4]

National Interstate removed the case to this court on January 15, 2013, and it was assigned Civil Action No. 3:13-cv-093-CLS.[5] National Interstate asserted jurisdiction based on the diversity statute, 28 U.S.C. § 1332(a)(1).[6] This court entered an opinion and order on May 21, 2013, *sua sponte* remanding the case to state court.[7] There was no question that the parties were of diverse citizenship, or that the jurisdictional amount in controversy was satisfied. *See* 28 U.S.C. § 1332(a)(1).[8] Even so, this court found that the case was not ripe for judicial review, as required by Article III's limitation of federal jurisdiction to actual "cases or controversies." *See, e.g., Konikov. v. Orange County, Florida,* 410 F.3d 1317, 1322 (11th Cir. 2005). Despite plaintiff's assertion in its complaint that a "real and present justiciable controversy" existed between the parties, both parties subsequently acknowledged in their briefs that the controversy was "*contingent* upon whether National Interstate, as the insurer, attempts to hold plaintiff responsible for the damages caused by the fire."[9]

---

[4] *Id.* at 1-2 (alteration supplied).

[5] *See* doc. no. 1 (Notice of Removal) in Civil Action No. 3:13-cv-093-CLS.

[6] *Id.* ¶ 2.

[7] *See* doc. no. 21 in Civil Action No. 3:13-cv-093-CLS.

[8] *See id.* at 1-2. *See also* doc. no. 8 in Civil Action No. 3:13-cv-093-CLS (Order Denying Motion to Remand).

[9] Doc. no. 21 in Civil Action No. 3:13-cv-093-CLS, at 5-6 (emphasis in original).

Indeed, National Interstate represented that, at the time of this court's decision to remand the previous case, it had neither completed its investigation of the cause of the fire that destroyed its insured's mobile home, nor made a determination regarding liability. Further, plaintiff confirmed that National Interstate had only informed it of the *potential* that National Interstate would hold it liable for any losses.[10] As this court observed, "the fact that National Interstate *may*, at some future time, attempt to hold plaintiff responsible for the loss" was too speculative to create a ripe, justiciable controversy.[11] Accordingly, there was no federal subject matter jurisdiction, and the case was remanded to the Franklin County Circuit Court.[12] At the conclusion of the memorandum opinion explaining the remand decision, this court made the following observations:

> This court expresses no opinion about the underlying merits of this action, or whether it presents a justiciable controversy as a matter of *Alabama* law. Those matters are for the state court to decide on remand. Alabama courts may, of course, have more liberal ripeness standards than the federal judiciary. But the ability of this court to adjudicate a case remains *constitutionally* constrained by Article III, even when a *statutory* basis for jurisdiction — here, the parties' diversity of citizenship — exists.[13]

---

[10] *See id.* at 6 (citing doc. no. 14 in Civil Action No. 3:13-cv-093-CLS (National Interstate's Reply Brief), at 5; doc. no. 13 in Civil Action No. 3:13-cv-093-CLS (Plaintiff's Response Brief), at ECF 2-3).

[11] Doc. no. 21 in Civil Action No. 3:13-cv-093-CLS, at 6-7 (emphasis in original).

[12] *Id.* at 11 ("Because this case is not ripe for adjudication in the Article III sense, the court lacks subject matter jurisdiction.").

[13] *Id.* at 11-12 (emphasis in original).

There is no indication that any further proceedings occurred in state court before the case was once again removed to this court on August 23, 2013.[14]  The Second Notice of Removal was filed by an entity called Triumphe Casualty Company ("Triumphe"), a company that was not named in the plaintiff's December 14, 2012 complaint, but which asserted that it is a wholly owned subsidiary of National Interstate:  the entity that *was* named as a defendant.[15]  Plaintiff later acknowledged that Triumphe, not National Interstate, is the proper defendant, by filing a "First Amendment to Complaint" *in this court* on September 11, 2013:  a pleading that sought to "substitute as the proper party Defendant herein Triumphe Casualty Company, and to delete National Interstate as a party Defendant."[16]

It should be emphasized that the interesting factual twist in this case is that Triumphe was never named as a party in the state court proceedings that have been removed here, for the second time.  Indeed, Triumphe's Second Notice of Removal addresses *the same state court complaint that was encompassed by the first removal*.  In the Second Notice of Removal, Triumphe states:

---

[14] *See* doc. no. 1 (Second Notice of Removal).  Defendant indicates that "all pleadings in the underlying civil action filed in the Circuit Court of Franklin County, Alabama" were attached to the Second Notice of Removal.  *Id.* ¶ 1.  Those documents do not appear to include any activity occurring between the date on which the case was remanded and the date on which it was removed the second time.

[15] *Id.* at 1.

[16] Doc. no. 6 (First Amendment to Complaint), at 1.  Defendant, as expected, consented to the amendment.  *See id.*

>A concrete case or controversy has recently arisen in this matter, and thus the case has become removable. This defendant has concluded its investigation regarding the cause of the fire, and now holds Plaintiff responsible for the damages resulting from the loss. Plaintiff has been apprised of this Defendant's position, and this Defendant will, following the removal of this case, request leave to file an Amended Answer and Counterclaims.[17]

Because of the counterclaims it seeks to assert against plaintiff, Triumphe asserts that the dispute between the parties "is no longer 'hypothetical' or 'abstract,'"[18] and that "an actual controversy has arisen."[19]

As noted in the introductory paragraph of the present opinion, Triumphe has moved this court for leave to file a First Amended Answer and Counterclaims.[20] Triumphe alleges in one of its counterclaims that it

>performed a thorough investigation of the damaged motor coach to determine the cause and scope of the damage, which included multiple inspections by multiple experts. [Triumphe's] investigation has recently revealed the damage to the motor coach was caused by a fire which originated from improper securement of the batteries contained in the motor coach. [Tiffin] was responsible for the improper securement.[21]

Triumphe proposes to assert counterclaims against Tiffin for negligence, products liability, and breach of warranty, all of which arise from Tiffin's alleged failure to

---

[17] Doc. no. 1 ¶ 6.

[18] *Id.* ¶ 10. *See also id.* ¶ 11 ("[T]his suit is no longer 'speculative' for the reasons discussed above.'") (alteration supplied).

[19] *Id.* ¶ 13.

[20] Doc. no. 3.

[21] *Id.* at 6 ¶ 9 (alterations supplied).

properly secure the motor coach's batteries.[22]

## II. DISCUSSION OF MOTION TO REMAND

Plaintiff asserts two arguments in support of its motion to remand: first, that Triumphe's second removal was statutorily improper; and, second, that the case still is not ripe for judicial review. Because the court agrees with plaintiff's first contention, it is not necessary to reach the second.

Plaintiff asserts that defendant's "re-removal"[23] of the case is procedurally improper under 28 U.S.C. § 1446(b)(3), which provides, in pertinent part, that

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days *after receipt by the defendant*, through service *or otherwise*, *of a copy of* an amended pleading, motion, order *or other paper* from which it may first be ascertained that the case is one which is or has become removable [emphasis supplied].[24]

---

[22] *Id.* at 6-9.

[23] It is important to note that plaintiff is not categorically arguing against a defendant's ability to remove a case for a second time after a remand order has been entered, if there has been a change in circumstances warranting the exercise of federal jurisdiction. Indeed, as defendant rightfully points out, there is no rule prohibiting "re-removals," as long as the requirements of § 1446 are satisfied. *See, e.g., Brown v. Jevic*, 575 F.3d 322, 328 (3rd Cir. 2009) ("The removal statute, 28 U.S.C. §§ 1441-[14]52, does not categorically prohibit the filing of a second removal petition following remand. . . . If subsequent pleadings or conduct by the parties or various other circumstances brings a case that was not previously removable within the removal jurisdiction of the federal courts, a second notice of removal is permissible.") (citations and internal quotations omitted, bracketed alteration in original). Plaintiff's argument is the procedural requirements of § 1446 have not been satisfied with regard to the Second Notice of Removal.

[24] It should be noted that plaintiff cites to an earlier version of § 1446, which provided, prior to the effective date of the current statutory language, that:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of any amended pleading, motion, order or other paper from

Plaintiff argues that the "re-removal" should not be allowed because Triumphe did not receive anything *from plaintiff* indicating that the case had become removable. According to plaintiff, § 1446(b) is designed to permit removal only when "diversity jurisdiction arises later in a case due to a dismissal, substitution or realignment of parties," not when a party "come[s] to its own conclusions on its own timetable," as did Triumphe when it completed its investigation and determined that plaintiff was at fault.[25]

Plaintiff did not cite any authority, other than the statutory language of § 1446(b), to support this argument. Even so, it is supported by Eleventh Circuit case law. In *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007), the Eleventh Circuit considered an earlier version of § 1446 which then provided, in pertinent part, that:

> (a) A defendant or defendants desiring to remove any civil action . . . from a State court shall file in the district court . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

---

which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

Doc. no. 9, at 2.

[25] *Id.* at 3 (alteration supplied).

8

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable[.]

*Lowery,* 483 F.3d at 1212 n.60 (quoting the text of 28 U.S.C. 1446 then in existence) (alterations in *Lowery*).[26] According to the *Lowery* opinion, the former

> § 1446(a) answers the question of *how* removal is accomplished, stating that a defendant may remove any "civil action" by filing a notice of removal, signed pursuant to the good faith requirements of Rule 11, which contains "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). [The former s]ection 1446(b) then answers the question of *when* an action is removable, setting forth the preconditions for removal in two types of cases: (1) those removable on the basis of an initial pleading; and (2) those that later become removable on the basis of "a copy of an amended pleading, motion, order or other paper." § 1446(b). Regardless of the type of case, a defendant must remove within thirty days of receiving the document that provides the basis for removal. § 1446(b).

*Lowery,* 483 F.3d at 1211-13 (footnotes omitted) (alteration and emphasis supplied).

"Thus, under [the former] § 1446(b), in assessing the propriety of removal, the court

---

[26] For reference, the former § 1446(a) is substantially similar to the current § 1446(a); the first paragraph of the former § 1446(b) is substantially similar to the current § 1446(b)(1); and the second paragraph of the former § 1446(b) is substantially similar to the current § 1446(b)(3).

considers the document *received by the defendant from the plaintiff* — be it the initial complaint or a later received paper — and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." *Id.* at 1213 (footnote omitted) (alteration and emphasis supplied).

The *Lowery* Court then further elaborated on the difference in the analysis for removals under the first and second paragraphs of the former § 1446(b) (a distinction that, as noted in footnote 26, *supra,* is the equivalent of comparing the *current* § 1446(b)(1) with the *current* § 1446(b)(3)):

> Under the first paragraph of [former] § 1446(b) [*current* § 1446(b)(1)], a case may be removed on the face of the complaint if the plaintiff has alleged facts sufficient to establish the jurisdictional requirements. Under the second paragraph[ *current* § 1446(b)(3)], a case becomes removable when three conditions are present: there must be (1) "an amended pleading, motion, order or other paper,"[27] which (2) *the defendant **must** have received **from the plaintiff** (or from the court, if the document is an order)*, and from which (3) the defendant can "first

---

[27] The Eleventh Circuit stated in *Lowery* that

What constitutes "other paper, . . . has been developed judicially. Courts have not articulated a single test for identifying "other paper," but numerous types of documents have been held to qualify. They include: responses to request for admissions, *Wilson v. Gen. Motors Corp.*, 888 F.2d 779, 780 (11th Cir. 1989); settlement offers, *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 761–62 (5th Cir. 2000); interrogatory responses, *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998); deposition testimony, *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996); demand letters, *Williams v. Safeco Ins. Co.*, 74 F. Supp. 2d 925, 929 (W.D. Mo. 1999); and email estimating damages, *Callahan v. Countrywide Home Loans, Inc.*, No. 3:06–105, 2006 WL 1776747, at *3–*4 (N.D. Fla. June 26, 2006).

*Lowery,* 483 F.3d at 1212 n.62 (alteration supplied).

> ascertain" that federal jurisdiction exists. § 1446(b). Under either paragraph, the documents received by the defendant must contain an unambiguous statement that clearly establishes federal jurisdiction. *See Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) (holding that grounds must be "unequivocally clear and certain"); *Huffman v. Saul Holdings, LP*, 194 F.3d 1072, 1078 (10th Cir. 1999) (same).

*Lowery*, 483 F.3d at 1213 n.63 (alteration and emphasis supplied).

Here, Triumphe did not receive any document *from plaintiff* indicating that the case had become removable. Instead, Triumphe concluded, *as the result of its own investigation*, that it would attempt to hold plaintiff liable for its insured's fire loss, and that a justiciable controversy thus had arisen. Triumphe effectively acknowledges this point several times in its brief. For example, Triumphe states that it and the other defendant "completed their investigation of the matter and determined that Plaintiff is responsible," and *they sent plaintiff* "a letter indicating the result of the investigation."[28] Triumphe also states that it based its decision to hold plaintiff liable on information it received "from both experts and witnesses," but it does not mention any information it received *from plaintiff*.[29] Indeed, Triumphe goes so far as to state that it requested certain materials from plaintiff during the course of its investigation, but that it "has yet to receive any of the materials."[30] Because Triumphe never

---

[28] Doc. no. 11 (Triumphe's Brief in Opposition to Motion to Remand) ¶ 7. *See also id.* ¶ 12 (stating that Triumphe notified plaintiff that it intended to hold plaintiff responsible for the loss).

[29] *Id.*

[30] *Id.*

11

received any document "or other paper" *from plaintiff* indicating that removal was proper, it cannot remove under 28 U.S.C. § 1446(b)(3).

Perhaps anticipating this result, Triumphe asserts that its second removal was invoked pursuant to § 1446(b)(1), *not* § 1446(b)(3). Triumphe correctly points out that the requirement that a removing defendant receive, *from the plaintiff*, a document indicating federal jurisdiction does not apply to removals under § 1446*(b)(1)*. *See Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 761 (11th Cir. 2010) ("*Lowery*'s 'receipt from the plaintiff' rule has no application to cases, like this one, which are removed under the first paragraph of § 1446(b)."). Even so, Triumphe's argument that the Second Notice of Removal falls under § 1446(b)(1) is unconvincing, and even borders on being frivolous, considering that the Second Notice of Removal contained the following sentence: "This Defendant files this second petition for removal *pursuant to 28 U.S.C. § 1446(b)(3)* on the same grounds as originally petitioned and granted . . . ."[31]

---

[31] Doc. no. 1 ¶ 16 (emphasis supplied). Triumphe also asserts that plaintiff's initial complaint was not a "claim for relief" under § 1446(b)(1) because the parties did not yet have "an actual dispute." Doc. no. 11 ¶ 18. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the *claim for relief* upon which such action or proceeding is based . . . .") (emphasis supplied). Triumphe cites no authority to support its unusual construction of the phrase "claim for relief," and the court is not persuaded by Triumphe's argument. In any event, Triumphe's explicit statement in the Second Notice of Removal that the Notice was being submitted pursuant § 1446(b)(3) undercuts its present attempt to recharacterize the removal as falling under § 1446(b)(1).

## III. CONCLUSION

In summary, Triumphe's Second Notice of Removal, which was invoked pursuant to 28 U.S.C. § 1446(b)(3), is not procedurally proper under that statute because the removability of the case was not made apparent in any document received by Triumphe from plaintiff. Accordingly, plaintiff's motion to remand is due to be granted. An order consistent with this opinion will be entered contemporaneously herewith.

DONE this 16th day of October, 2013.

_____
United States District Judge